Damian P. Richard, Esq. (#47837)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
drichard@sessions-law.biz

Attorneys for Gatestone & Co. International Inc. fka Collectcorp Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| ELANA WILSON<br><br>    Plaintiff,<br><br>v.<br><br>GATESTONE & CO. INTERNATIONAL INC. AKA COLLECTCORP CORPORATION,<br><br>    Defendant. | CASE NO.: 14-CV-01976-RSM<br><br>ANSWER TO COMPLAINT |

Defendant Gatestone & Co. International Inc. formerly known as Collectcorp Corporation ("Defendant"), for itself alone, hereby responds to Complaint filed by Plaintiff Elana Wilson ("Plaintiff").

I. STATEMENT OF THE CASE

1. Defendant admits Plaintiff seeks injunctive relief for alleged violations of Washington and federal law, but Defendant denies any and all

wrongdoing, liability and/or damages to the extent alleged in ¶ 1 and denies Plaintiff is entitled to the requested relief.

## II. PARTIES

2.1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 2.1, and on that basis denies the same.

2.2 Defendant admits an AT&T account in the name of Elana Daly was placed with Defendant for collection. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 2.2.

2.3 Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 2.3, and on that basis denies the same.

2.4 Defendant admits the allegations contained in ¶ 2.4.

2.5 Defendant admits the allegations contained in ¶ 2.5.

2.6 Defendant admits it provides debt collection services to third parties. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 2.6.

2.7 Defendant denies the allegations contained in ¶ 2.7.

2.8 Defendant admits that when it engages in certain conduct it may come within the scope of the defined terms set forth in ¶ 2.8.

2.9     Defendant admits an AT&T account in the name of Elana Daly was placed with Defendant for collection.  Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 2.9.

### III.  JURISDICTION AND VENUE

3.1     Defendant avers the allegations contained in ¶ 3.1 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the Court has jurisdiction and venue is proper.

3.2     Defendant denies the allegations contained in ¶ 3.2.

### IV.  FACTS

4.1     Defendant admits it provides debt collection services to third parties. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 4.1.

4.2     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4.2, and on that basis denies the same.

4.3     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4.3, and on that basis denies the same.

4.4     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4.4, and on that basis denies the same.

4.5     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4.5, and on that basis denies the same.

4.6     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4.6, and on that basis denies the same.

4.7     Defendant admits an AT&T account in the name of Elana Daly was placed with Defendant for collection.  Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 4.7.

4.8     Defendant admits an AT&T account in the name of Elana Daly was placed with Defendant for collection.  Defendant further admits that its records relating to the account reflect that an initial letter was sent on or about September 30, 2014.  Defendant avers the original of such letter is the best evidence of its content. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 4.8.

4.9     Defendant admits an AT&T account in the name of Elana Daly was placed with Defendant for collection.  Defendant further admits that its records

relating to the account reflect that an initial letter was sent on or about September 29, 2014. Defendant avers the original of such letter is the best evidence of its content. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 4.9.

    4.10   Defendant admits an AT&T account in the name of Elana Daly was placed with Defendant for collection. Defendant further admits that its records relating to the account reflect that telephone calls were placed in connection with the account beginning on or about September 29, 2014. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 4.10.

    4.11   Defendant denies the allegations contained in ¶ 4.11.

    4.12   Defendant denies the allegations contained in ¶ 4.12.

    4.13   Defendant denies the allegations contained in ¶ 4.13.

    4.14   Defendant denies the allegations contained in ¶ 4.14.

    4.15   Defendant denies the allegations contained in ¶ 4.15.

    4.16   Defendant denies the allegations contained in ¶ 4.16.

    4.17   Defendant denies the allegations contained in ¶ 4.17.

    4.18   Defendant denies the allegations contained in ¶ 4.18.

    4.19   Defendant denies the allegations contained in ¶ 4.19.

    4.20   Defendant denies the allegations contained in ¶ 4.20.

    4.21   Defendant denies the allegations contained in ¶ 4.21.

4.22   Defendant denies the allegations contained in ¶ 4.22.

4.23   Defendant denies the allegations contained in ¶ 4.23.

4.24   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4.24, and on that basis denies the same.

4.25   Defendant denies the allegations contained in ¶ 4.25.

4.26   Defendant denies the allegations contained in ¶ 4.26.

4.27   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4.2 (sic), and on that basis denies the same.

4.3   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 4.3, and on that basis denies the same.

4.4   Defendant admits that Plaintiff seeks injunctive relief as alleged in ¶ 4.4, but Defendant denies any and all wrongdoing, liability and/or damages to the extent alleged in ¶ 4.4 and denies Plaintiff is entitled to the requested relief.

## V. FAIR DEBT COLLECTION PRACTICES ACT

5.1   Defendant incorporates its responses to paragraphs 1 through 4 of the Complaint as though fully set forth.

5.2	Defendant avers that the statute cited in ¶ 5.2 speaks for itself and refers all matters of law to the Court.

5.3	Defendant avers that the statute cited in ¶ 5.3 speaks for itself and refers all matters of law to the Court.

5.4	Defendant avers that the statute cited in ¶ 5.4 speaks for itself and refers all matters of law to the Court.

5.5	Defendant admits it provides debt collection services to third parties and uses the mail in providing such services. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 5.5.

5.6	Defendant avers the allegations contained in ¶ 5.6 are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits AT&T placed an account in the name of Elana Daly with Defendant for collection.  Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 5.6, and on that basis denies the same.

## VI.  FIRST CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

6.1	Defendant incorporates its responses to paragraphs 1 through 5 of the Complaint as though fully set forth.

6.2    Defendant avers that the authorities cited in ¶ 6.2 speak for themselves and refers all matters of law to the Court.

6.3    Defendant avers that the authority cited in ¶ 6.3 speaks for itself and refers all matters of law to the Court.

6.4    Defendant avers that the statute cited in ¶ 6.1 (sic) speaks for itself and refers all matters of law to the Court.

6.5    Defendant avers that the statute cited in ¶ 6.2 (sic) speaks for itself and refers all matters of law to the Court.

6.6    Defendant denies the allegations contained in ¶ 6.4.

6.7    Defendant denies the allegations contained in ¶ 6.5.

6.8    Defendant denies the allegations contained in ¶ 6.6.

6.9    Defendant denies the allegations contained in ¶ 6.7.

6.10   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 6.8, and on that basis denies the same.

6.11   Defendant denies the allegations contained in ¶ 6.9.

6.12   Defendant denies the allegations contained in ¶ 6.10.

6.13   Defendant denies the allegations contained in ¶ 6.11.

## VII.  SECOND CAUSE OF ACTION

## TELEPHONE CONSUMER PROTECTION ACT

7.1    Defendant incorporates its responses to paragraphs 1 through 6 of the Complaint as though fully set forth.

7.2    Defendant avers that the authorities cited in ¶ 7.2 speak for themselves and refers all matters of law to the Court.

7.3    Defendant avers that the authority cited in ¶ 7.3 speaks for itself and refers all matters of law to the Court.

7.4    Defendant avers that the authorities cited in ¶ 7.4 speak for themselves and refers all matters of law to the Court.

7.5    Defendant admits it is not the original creditor of the AT&T account that was placed with Defendant for collection. Defendant further admits it is a for profit business. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 7.5.

7.6    Defendant avers that the statute cited in ¶ 7.6 speaks for itself and refers all matters of law to the Court.

7.7    Defendant denies the allegations contained in ¶ 7.7.

7.8    Defendant denies the allegations contained in ¶ 7.8.

7.9    Defendant denies the allegations contained in ¶ 7.9.

7.10   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 7.10, and on that basis denies the same.

7.1    Defendant incorporates its responses to paragraphs 1 through 6 of the Complaint as though fully set forth.

7.2    Defendant avers that the authorities cited in ¶ 7.2 speak for themselves and refers all matters of law to the Court.

7.3    Defendant avers that the authority cited in ¶ 7.3 speaks for itself and refers all matters of law to the Court.

7.4    Defendant avers that the authorities cited in ¶ 7.4 speak for themselves and refers all matters of law to the Court.

7.5    Defendant admits it is not the original creditor of the AT&T account that was placed with Defendant for collection. Defendant further admits it is a for profit business. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 7.5.

7.6    Defendant avers that the statute cited in ¶ 7.6 speaks for itself and refers all matters of law to the Court.

7.7    Defendant denies the allegations contained in ¶ 7.7.

7.8    Defendant denies the allegations contained in ¶ 7.8.

7.9    Defendant denies the allegations contained in ¶ 7.9.

7.10   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 7.10, and on that basis denies the same.

7.11 Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 7.11, and on that basis denies the same.

7.12 Defendant denies the allegations contained in ¶ 7.12.

7.13 Defendant denies the allegations contained in ¶ 7.13.

7.14 Defendant denies the allegations contained in ¶ 7.14.

7.15 Defendant denies the allegations contained in ¶ 7.15.

## VIII. THIRD CAUSE OF ACTION

## WASHINGTON COLLECTION AGENCY ACT

8.1 Defendant incorporates its responses to paragraphs 1 through 7 of the Complaint as though fully set forth.

8.2 Defendant avers that the statute cited in ¶ 8.2 speaks for itself and refers all matters of law to the Court.

8.3 Defendant avers that the statute cited in ¶ 8.3 speaks for itself and refers all matters of law to the Court.

8.4 Defendant avers the allegations contained in ¶ 8.4 are legal conclusions to which no response is required. Defendant further avers that the statute cited in ¶ 8.4 speaks for itself and refers all matters of law to the Court.

8.5   Defendant avers the allegations contained in ¶ 8.5 are legal conclusions to which no response is required.  Defendant further avers that the statute cited in ¶ 8.5 speaks for itself and refers all matters of law to the Court.

8.6   Defendant admits it is a licensed collection agency and further admits that when it engages in certain conduct it may come within the scope of the defined terms set forth in ¶ 8.6.

8.7   Defendant avers that the statute cited in ¶ 8.7 speaks for itself and refers all matters of law to the Court.

8.8   Defendant avers that the statute cited in ¶ 8.8 speaks for itself and refers all matters of law to the Court.

8.9   Defendant avers that the statute cited in ¶ 8.9 speaks for itself and refers all matters of law to the Court.

8.10   Defendant denies the allegations contained in ¶ 8.10.

8.11   Defendant denies the allegations contained in ¶ 8.11.

8.12   Defendant denies the allegations contained in ¶ 6.12 (sic).

8.13   Defendant denies the allegations contained in ¶ 8.12.

8.14   Defendant avers that the statute cited in ¶ 8.13 speaks for itself and refers all matters of law to the Court.

8.15   Defendant avers that the statute cited in ¶ 8.14 speaks for itself and refers all matters of law to the Court.

8.16    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 8.15, and on that basis denies the same.

8.17    Defendant denies the allegations contained in ¶ 8.16.

8.18    Defendant denies the allegations contained in ¶ 8.17.

8.19    Defendant denies the allegations contained in ¶ 8.18.

## IX.  FOURTH CAUSE OF ACTION

## CONSUMER PROTECTION ACT

9.1    Defendant incorporates its responses to paragraphs 1 through 8 of the Complaint as though fully set forth.

9.2    Defendant avers that the statute cited in ¶ 9.2 speaks for itself and refers all matters of law to the Court.

9.3    Defendant avers the allegations contained in ¶ 9.3 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in ¶ 9.3.

9.4    Defendant avers that the authority cited in ¶ 9.4 speaks for itself and refers all matters of law to the Court.

9.5    Defendant avers that the authorities cited in ¶ 9.5 speak for themselves and refers all matters of law to the Court.

9.6   Defendant avers that the authorities cited in ¶ 9.6 speak for themselves and refers all matters of law to the Court.

9.7   Defendant avers that the authorities cited in ¶ 9.7 speak for themselves and refers all matters of law to the Court.

9.8   Defendant avers that the authority cited in ¶ 9.8 speaks for itself and refers all matters of law to the Court.

9.9   Defendant avers the allegations contained in ¶ 9.9 is a legal conclusion to which no response is required.   Defendant further avers that the authorities cited in ¶ 9.9 speak for themselves and refers all matters of law to the Court.

9.10   Defendant avers that the statute cited in ¶ 9.10 speaks for itself and refers all matters of law to the Court.

9.11   Defendant denies the allegations contained in ¶ 9.11.

9.12   Defendant denies the allegations contained in ¶ 9.12.

9.13   Defendant denies the allegations contained in ¶ 9.13.

9.14   Defendant denies the allegations contained in ¶ 9.14.

9.15   Defendant denies the allegations contained in ¶ 9.15.

9.16   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 9.16, and on that basis denies the same.

9.17   Defendant denies the allegations contained in ¶ 9.17.

9.18   Defendant denies the allegations contained in ¶ 9.18.

9.19   Defendant denies the allegations contained in ¶ 9.19.

10.   Defendant denies that Plaintiff is entitled to the relief sought in the Prayer for Relief, paragraphs A. through T, inclusive.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff consented to and/or invited the conduct for which she seeks relief.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that it did not place any calls to Plaintiff's number using an automatic telephone dialing system as defined by the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed to mitigate her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Defendant, or for whom Defendant is not responsible or liable.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff lacks standing to assert a claim for relief under the Consumer Protection Act because she has not suffered injury to her business or property.

Dated: 1/6/15                     SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/Damian P. Richard*
Damian P. Richard
Attorneys for Defendant
Gatestone & Co. International Inc.
fka Collectcorp Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of January 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By: */s/Damian P. Richard*
Damian P. Richard
Attorneys for Defendant
Gatestone & Co. International Inc.
fka Collectcorp Corporation